The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Charles Eugene MASON,
Defendant-Appellant.

No. 79CA1030.

Colorado Court of Appeals,
Div. I.

April 2, 1981.

Rehearing Denied April 30, 1981.

Certiorari Denied Aug. 24, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Maley, Perry & Schiff, P. C., William O. Perry, Jr., Denver, for defendant-appellant.

COYTE, Judge.

Defendant, Charles Eugene Mason, appeals the judgment of the trial court upon his jury conviction of second degree assault on a peace officer and resisting arrest. We affirm.

Here, there was a summons and complaint written out by a duly authorized animal control officer for the City, identifying three charges against defendant. The summons was tendered to defendant, who refused to sign on the summons that he promised to appear before the municipal court at a specified time and place. Defendant's objections to the summons were met by attempts to change the summons to meet his objections. He was advised by a duly authorized uniformed police officer several times that if he failed to sign he would be placed under arrest. Defendant stated that he would not sign. He was then told that he was under arrest. When two officers attempted to place defendant's arms behind his back to handcuff him, defendant broke free, struck one of the officers, and an altercation began.

Defendant contends that one of the arresting officers testified that he was arresting defendant for failure to sign the summons and complaint. From this testimony, he concludes that since there was no evidence that this failure was an offense, the officers were not acting under color of authority or performing a legal duty, see § 18–8–103, C.R.S.1973 (1978 Repl. Vol. 8), and thus, the People failed to prove every element of the offenses charged. We disagree.

Section 18–8–103, C.R.S.1973 (1978 Repl. Vol. 8), provides that:

"(1) A person commits resisting arrest if he knowingly prevents or attempts to prevent a peace officer, acting under color of his official authority, from effecting an arrest of the actor or another, by:

(a) Using or threatening to use physical force or violence against the peace officer or another; or

(b) Using any other means which creates a substantial risk of causing physical injury to the peace officer or another.

(2) It is no defense to a prosecution under this section that the peace officer was attempting to make an arrest which in fact was unlawful, if he was acting under color of his official authority, and in attempting to make the arrest he was not resorting to unreasonable or excessive force giving rise to the right of self-defense. A peace officer acts 'under color of his official authority' when, in the regular course of assigned duties, he is called upon to make, and does make, a judgment in good faith based upon surrounding facts and circumstances that an arrest should be made by him.

(3) The term 'peace officer' as used in this section and section 18–8–104 means a peace officer in uniform or, if out of uniform, one who has identified himself by exhibiting his credentials as such peace officer to the person whose arrest is attempted."

■ Thus, under the plain wording of the statute, even if defendant's arrest was illegal, that would be no defense to the charge of resisting arrest, unless the officers were not acting under color of official authority. And, here, there is sufficient evidence that the police officers were acting under color of official authority. The officer testified that it was a regular part of his duties to assist animal control officers for the city and to enforce municipal ordinances, including animal ordinances, and that in cases of a violation, he had the authority to place a person under arrest to ensure his appearance in court.

Regarding the assault charge, defendant was charged under § 18–3–203, C.R.S.1973 (1978 Repl. Vol. 8), which provides in pertinent part, that a person commits second degree assault if, with intent to prevent one he knows to be a police officer, from performing his lawful duty, he intentionally causes bodily injury to another.

Section 18–3–201(2), C.R.S.1973 (1978 Repl. Vol. 8), provides that:

" 'Peace officer or fireman engaged in the performance of his duties' means a peace officer or fireman who is engaged or acting in, or who is present for the purpose of engaging or acting in the performance of any duty, service, or function imposed, authorized, required, or permitted by law to be performed by a peace officer or fireman, whether or not the peace officer or fireman is within the territorial limits of his jurisdiction, if the peace officer or fireman is in uniform; or the person committing an assault upon or offense against or otherwise acting toward such peace officer or fireman knows or reasonably should know that the victim is a peace officer or fireman."

■ Here, the police officers were present for the authorized purpose of assisting the animal control officer. Further, defendant's assault occurred after the police officer had placed him under arrest and when the police officers attempted to handcuff him. The evidence that defendant resisted the officers and struck one of the officers with his fist and on the head with a flashlight was obviously sufficient to establish that the defendant intended to prevent the officer from performing a lawful duty.

Defendant objects to the instructions given by the court and to certain of his proffered instructions that were refused by the court. The trial court's instructions regarding defendant's right to self-defense adequately informed the jury of the applicable law, and we perceive no error in the trial court's rulings relative to this matter.

Having reviewed defendant's other contentions of error, we find them to be em-

braced within the preceding discussions or to be without merit.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.